

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| ANTHONY H. HIX, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:16-01252-MGL |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| Defendant. | § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Defendant's final decision denying Plaintiff's claims for DIB and SSI be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the

Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.   28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 4, 2017, Plaintiff filed his objections on February 2, 2017, and Defendant filed her reply on February 15, 2017.   The Court has carefully reviewed Plaintiff's objections, but holds them to be without merit.   Therefore, it will enter judgment accordingly.

Plaintiff filed his applications for DIB and SSI on August 14, 2012, asserting his disability commenced on April 1, 2010.   Plaintiff's applications were denied initially and upon reconsideration.   Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on August 7, 2014.   Then, on October 31, 2014, the ALJ issued a decision finding Plaintiff was not disabled under the Act.   Subsequently, the Appeals Council denied Plaintiff's request for review of the ALJ's decision.   Accordingly, the ALJ's decision became Defendant's final decision for purposes of judicial review.   Thereafter, Plaintiff filed suit in this Court seeking judicial review of Defendant's final decision denying his claims.

The Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled.   20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy.   20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

2

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

It is Plaintiff's duty to both produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Likewise, when considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted). The Court "must sustain the ALJ's

decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

For the most part, Plaintiff does nothing more in his objections than to make the same arguments the Magistrate Judge has already considered and rejected.   Because the Court agrees with the Magistrate Judge's treatment of these issues, it need not grind the same corn again here. There is one objection Plaintiff makes, however, that deserves further discussion.

Plaintiff asserts the Magistrate Judge erred in holding the ALJ gave an adequate explanation as to how he considered Plaintiff's moderate limitation in concentration, persistence, or pace in assessing Plaintiff's Residual Functional Capacity (RFC).   Specifically, Plaintiff avers the ALJ submitted an improper hypothetical to the Vocational Expert (VE), instructing the VE to limit Plaintiff to one or two step tasks that involved no interaction with the public and only occasional interaction with coworkers.   Plaintiff insists the ALJ was required to more fully explain his consideration of Plaintiff's impairments.   The Court is unpersuaded.

For a VE's opinion to support a finding the claimant can perform specific jobs, "it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of [a] claimant's impairments."   *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (citations omitted).   An ALJ has discretion in framing hypothetical questions as long as they are supported by substantial evidence in the record, but the VE's testimony cannot constitute substantial evidence in support of the Commissioner's decision if the hypothesis fails to conform to the facts.   *See Swaim v. Califano*, 599 F.2d 1309, 1312 (4th Cir. 1979).

In *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015), the ALJ failed to include any mental limitations in the hypothetical question he posed to the VE, despite his finding the claimant had moderate limitations in concentration, persistence, or pace.   Instead, the ALJ relied on the VE's unsolicited identification of unskilled work to match his RFC finding.   *Id.*   The court held the ALJ erred in assessing the claimant's RFC, stating "we agree with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work."   *Id.* (internal quotation marks omitted).   Importantly, the court explained "the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work . . . [b]ut because the ALJ here gave no explanation, a remand is in order."   *Id.*   Therefore, under *Mascio*, an ALJ must explain how he considered a claimant's moderate limitation in concentration, persistence, or pace in assessing his RFC.   *See id.*

Here, the ALJ held Plaintiff had moderate difficulties in concentration, persistence, or pace. Tr. at 22.   As noted above, the ALJ posed a hypothetical question to the VE that included mental limitations to one or two step tasks with no interaction with the public and only occasional interaction with coworkers.   *Id.* at 62.   For the reasons that follow, the Court holds this case differs from *Mascio* because the ALJ included specific limitations pertaining to Plaintiff's mental limitations in the hypothetical question he posed to the VE.

As stated by the Magistrate Judge:

[U]nlike the ALJ in *Mascio*, this ALJ provided an adequate explanation for how he considered Plaintiff's moderate limitation in concentration, persistence, or pace. He explained that Dr. Cole observed that Plaintiff was able to concentrate well. He stated Plaintiff's reports that he watched television during the day illustrated his ability to sustain concentration for extended periods.  He noted that the record suggested Plaintiff had little to no difficulty in this category, but that Mr. Watson

indicated Plaintiff's attention and concentration were moderately distractible.  He found that Plaintiff's abilities to concentrate, pay attention, and persist with tasks were affected, but were not debilitating in nature and could be accommodated in a work environment.

The ALJ explained his reasons for concluding that Plaintiff was no more limited than determined in the assessed RFC.  He stated that the assessed RFC reflected the degree of limitation he had found Plaintiff to have in the paragraph B mental function analysis.  He limited Plaintiff to one or two step tasks with no interaction with the public and only occasional interaction with coworkers.  In discussing the assessed RFC, he noted that Plaintiff's affective mood disorder had been treated with medications and outpatient therapy.  He acknowledged that Plaintiff's medications had been adjusted at times, but found that his depression had improved with treatment and was relatively stable.   The ALJ relied heavily on Dr. Cole's observations, noting that he had remarked that the claimant appeared sad and anxious, as well as had a mildly conflicted affect, but did not opine that the claimant's affective mood disorder was disabling in nature, and opined that he was capable of concentrating well enough to complete a task in a timely manner and has the ability to learn simple, as well as complex tasks.   He recognized that Dr. Cole opined the claimant had moderate difficulties interacting with others and would require a job, which does not require him to work directly with the public on a full-time basis.   Thus, the ALJ stated to that end, based on the evidence in the treatment records and Dr. Cole's evaluation, the evidence concerning the claimant's affective mood disorder does not demonstrate he suffers from severe emotional limitation that would interfere with his ability to perform the range of work identified above.

The ALJ explained that he relied heavily on Dr. Cole's assessment and provided clarification for his determination that Plaintiff's moderate limitations in concentration, persistence, or pace limited him no more than to the extent indicated in the RFC assessment.

ECF No. 14 at 29-31.

In light of the ALJ's explanation, as comprehensively set forth by the Magistrate Judge, the Court holds the ALJ cited sufficient evidence to support his conclusion Plaintiff's moderate limitation in concentration, persistence, or pace could be accommodated by limiting him to one or two step tasks involving no interaction with the public and only occasional interaction with coworkers.  The ALJ knows what he means by finding Plaintiff had "moderate" limitations, and the Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter."  *Hackett v. Barnhart*, 395

F.3d 1168, 1173 (10th Cir. 2005).   Hence, discerning no legal error, and holding the ALJ's decision on this issue is supported by substantial evidence, the Court will overrule Plaintiff's objection.

In sum, the Court holds there is substantial evidence to support the ALJ's conclusion Plaintiff was not disabled under the Act during the relevant time period and the ALJ's decision is free from reversible legal error.   Further, the determination is reasonable.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Defendant's final decision denying Plaintiff's claims for DIB and SSI is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 15th day of February, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE